UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kristin Scheel,<br><br>    Plaintiff,<br><br>vs.<br><br>Diversified Adjustment Service, Inc.,<br><br>    Defendant. | Case No.: 17-cv-661<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This is an action brought under the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURIDICTION

2. This court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as to the acts and transactions giving rise to Defendant's action resulted from debt collection in this District.

## PARTIES

4. Plaintiff Kristin Scheel is a natural person who resides in City of Chanhassen, County of Carver, in the State of Minnesota. Plaintiff is a "person" as that term is used by 15 U.S.C. § 1692d.

5. Defendant, Diversified Adjustment Service, Inc. (hereinafter "Defendant"), is a collection agency incorporated under the laws of the State of Minnesota; is licensed

to do business in the State of Minnesota and regularly conducts business in said State; and has a principal place of business located at 600 Coon Rapids Boulevard NW, Coon Rapids, Minnesota. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff incurred a consumer debt (as that term is defined by 15 U.S.C. 1692a(5)) with Direct TV for satellite services.

7. Sometime prior to December 20, 2016 Plaintiff's alleged debt was assigned to Defendant for collection.

8. On December 20, 2016, Plaintiff received a telephone call from Defendant regarding an alleged debt with Direct TV.

9. Plaintiff's husband, who is also on the underlying account, called Defendant to dispute the debt and explained to Defendant's representative that the equipment had been sent back to Direct TV.

10. Plaintiff's husband inquired as to how the alleged debt would be handled since it was in dispute and Plaintiff did not owe any money to Direct TV.

11. Defendant's representative explained to Plaintiff's husband that the account would be sent back to Direct TV.

12. On or about December 23, 2016 Plaintiff's husband received a collection call from Defendant at 9:18 a.m.

13. Defendant's representative asked to speak with Plaintiff. Plaintiff's husband asked

Defendant's representative if they were calling from Diversified.

14. Defendant's representative refused to answer and asked for Plaintiff again. Plaintiff's husband again stated that they were talking to Plaintiff's husband and he asked if they were calling from Diversified. Defendant's representative refused to answer and hung up the telephone, in violation of 15 U.S.C. §§ 1692d and 1692e..

15. Plaintiff's husband then called the number on his caller-id, Defendant, and Defendant's male representative answered.

16. Defendant's representative failed to state the name of the company that was answering the telephone and when Plaintiff's husband asked him if he had reached Defendant the male representative refused to answer and asked why Plaintiff's husband was calling.

17. Plaintiff's husband explained that he was returning a call that had telephoned his cellular telephone and then he asked to speak with Defendant's manager. Plaintiff's husband was put into someone's voicemail.

18. Plaintiff's husband then called the telephone number again, Defendant, and asked to speak with a manager.

19. Plaintiff's husband then spoke with a female manager at Defendant's office about getting called on his cellular telephone despite the account being disputed. Defendant's representative apologized to Plaintiff's husband and stated Defendant should not have been calling him on a disputed account.

20. In contacting Plaintiff and Plaintiff's husband after they had disputed the account and requested that all attempts at communication cease, Defendant violated 15 U.S.C. §§ 1692c, 1692d and 1692f.

21. As a result of Defendant's violations of the Fair Debt Collection Practices Act, Plaintiff has suffered upset, irritation, loss of sleep, anger, and frustration.

22. As a result of Defendant's willful and/or negligent conduct, Plaintiff is entitled to actual and statutory damages in addition to attorney's fees and costs as allowed by 15 U.S.C. § 1692k.

## TRIAL BY JURY

23. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSE OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT –

## 15 U.S.C. § 1692 et seq.

24. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

25. Defendant violated 15 U.S.C. § 1692c by contacting Plaintiff more than once after Plaintiff disputed the account and told Defendant to cease calling.

26. Defendant violated 15 U.S.C. § 1692d by contacting Plaintiff with repeated telephone call which was placed with an intent to annoy, abuse, or harass Plaintiff.

27. Defendant violated 15 U.S.C. § 1692f by contacting Plaintiff with telephone calls that were an unfair or unconscionable means to collect or attempt to collect any debt.

28. Pursuant to 15 U.S.C. § 1692k(a)(1), Defendant is liable for Plaintiff's actual damages caused by their willful and/or negligent phone calls.

29. Pursuant to 15 U.S.C. § 1692k(a)(2)(A), Defendant is liable for statutory damages related to their willful and/or negligent violations of 15 U.S.C. § 1692b(3).

30. Plaintiff is entitled to recover costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1692k(a)(3).

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- Actual damages in an amount to be determined at trial against Defendant pursuant to 15 U.S.C. 1692k(a)(1);
- Statutory damages in an amount to be determined at trial against Defendant pursuant to 15 U.S.C. 1692k(a)(2)(A);
- Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and
- Other and further relief as may be just and proper.

Dated this 2nd day of March, 2017.   Respectfully submitted,

By: s/Thomas J. Lyons Jr.

Thomas J. Lyons, Jr., Esq.
Attorney I.D. #:  0249646
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:  (651) 704-0907
tommy@consumerjusticecenter.com

*ATTORNEY FOR PLAINTIFF*

5

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA      )
                        ) ss
COUNTY OF HENNEPIN      )

I, Kristin Scheel, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                                                           s/Kristin M. Scheel
                                                                           Kristin Scheel

Subscribed and sworn to before me
this 1st day of March, 2017.

s/Dawn Adeline Strojny
Notary Public